IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| MARK A. DOWNS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:10-CV-096-A |
| | § | |
| BAC HOME LOANS SERVICING, LP, | § | |
| f/k/a Countrywide Home Loans | § | |
| Servicing, LP, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, BAC Home Loans Servicing, LP, ("BAC") seeking summary judgment as to all claims asserted against it by plaintiff, Mark A. Downs, and as to its counterclaims against plaintiff. After having considered such motion, the summary judgment record as a whole, and applicable legal authorities, the court has concluded that such motion should be granted.

I.

Relevant Procedural Background

This action was initiated on December 9, 2009, by the filing by plaintiff and his wife, Wanda Downs, of a document titled "Complaint of Unlawful Trustee's Sale and Breach of Contract" in the 348th Judicial District Court of Tarrant County, Texas.

Plaintiff's current pleading is the Verified First Amended Original Petition and Application for Temporary Restraining Order ("amended petition") filed December 18, 2009, in the court.

On February 12, 2010, BAC removed the action to this court based on diversity of citizenship and an amount in controversy. By order and final judgment signed January 31, 2011, this court dismissed Wanda Downs from the action, leaving plaintiff and BAC as the only parties. On February 11, 2011, BAC moved for leave to file its amended answer and counterclaim, and, on February 14, 2011, for summary judgment. On February 15, 2011, this court granted BAC's motion for leave and BAC filed its amended answer and counterclaim.

II.

## Plaintiff's Claims and BAC's Counterclaim

A. Plaintiff's Claims

The allegations of the amended petition are, essentially, as follows:

Plaintiff is the rightful owner of real property located in Mansfield, Texas ("property"). On June 27, 2003, he executed a note payable to Ryland Mortgage Company, which was secured by a deed of trust encumbering the property. At some point, plaintiff's mortgage loan was assigned to BAC.

In 2004 plaintiff fell behind on his mortgage payment. In attempt to save his home, he filed bankruptcy and was discharged in 2008. In the interim, BAC began making mistakes on plaintiff's escrow account, causing plaintiff's mortgage payment to double in amount. Plaintiff disputed the mistakes and made numerous attempts to have BAC correct its records, but BAC failed to do so. BAC also refused to communicate with plaintiff.

In April 2009 plaintiff received a letter notifying him that his home had been foreclosed. He never received notice of default and right to cure or a notice of substitute trustee's sale. Further, BAC did not obtain authorization to foreclose from the Department of Veterans Affairs, as required by the deed of trust. As a result of the wrongful foreclosure, plaintiff's home was sold to BAC at the substitute trustee's sale. BAC has notified plaintiff that he is a tenant in sufferance and is trying to evict plaintiff and his family from the home.

Plaintiff asserts causes of action against BAC for slander of title, wrongful foreclosure, breach of contract, violations of the Texas Consumer Credit Code/Texas Debt Collection Practices Act, breach of common law tort of unreasonable collection efforts, and trespass to try title. He seeks damages, declaratory relief, and an injunction preventing defendants from

evicting him, selling the property, or attempting to sell the property.

B.  BAC's Counterclaim

By its counterclaim, BAC seeks to (1) quiet title to the property and (2) recover from plaintiff statutory damages and reasonable attorney's fees under section 12.002 of the Texas Civil Practice and Remedies Code. The facts alleged by BAC in support of its counterclaim are, in summary, as follows:

BAC is the mortgagee and mortgage servicer for the deed of trust executed by plaintiff granting a lien against the property. The deed of trust secures payment of a promissory note executed by plaintiff on the same day he executed the deed of trust. At some point, plaintiff stopped paying the amounts due under the note. BAC notified plaintiff of his default and provided him with an opportunity to cure, but he failed to do so. When plaintiff did not cure his default; BAC accelerated the maturity of the loan and posted the property for a foreclosure sale. BAC purchased the property at the foreclosure sale and is the current owner of the property.

BAC has discovered that plaintiff recorded a document in the official public records of Tarrant County titled "Full Reconveyance." The Full Reconveyance purports to be executed by an authorized agent of Ryland Mortgage Company, the original

4

grantee of the deed of trust, and states that the deed of trust has been "fully satisfied," and that the property "is currently held in [the Downs'] possession without further obligation." BAC's Am. Answer & Countercl., Ex. A.  Plaintiff admitted that he has not satisfied his obligations under the note and deed of trust and that Ryland Mortgage Company did not authorize the execution of the Full Reconveyance.  Therefore, the Full Reconveyance is fraudulent and creates a cloud on BAC's title to the property.  Plaintiff knew that the Full Reconveyance was fraudulent and filed it with intent to obtain the property free and clear of BAC's interest and with intent to cause BAC financial injury.

III.

## The Motion for Summary Judgment

BAC contends that it is entitled to summary judgment on plaintiff's claims on the following grounds:[1]

1.  Plaintiff is judicially estopped from pursuing all of his claims other than wrongful foreclosure and slander of title because such claims accrued prior to plaintiff's 2008 bankruptcy filing and plaintiff failed to disclose such claims to the bankruptcy court, and

---

[1] Plaintiff did not respond to the motion.

2. Plaintiff's claims fail as a matter of law because he has no evidence to support them.

BAC also contends that the undisputed evidence shows that it is entitled to judgment as a matter of law on each of its counterclaims.

IV.

## Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure states that the court shall grant summary judgment on a claim if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can carry this burden by pointing out the absence of evidence to support an essential element of the nonmovant's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmovant must identify specific evidence in the record and articulate the precise manner in which such evidence supports its claims. See id. at 324; Forsyth v. Barr, 19 F.3d 1527, 1537 (5th

Cir. 1994); see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence, taken as a whole, could not lead a rational trier of fact to conclude that the nonmovant has established each essential element of the nonmovant's claim, there is no genuine dispute for trial, and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion summary judgment is the same as the standard for a directed verdict. Celotex, 477 U.S. at 323. "If the facts and inferences point so strongly and overwhelmingly in favor of one party that the [c]ourt believes that reasonable men could not arrive at a contrary verdict," granting the motion is proper. Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969) (en banc), overruled on other grounds by Gatreaux v. Scurlock Marine, Inc., 107 F.3d 331, 339 (5th Cir. 1997) (en banc).

V.

Analysis

A. Plaintiff's Claims Against BAC

A preliminary review of the materials provided by BAC in its appendix to the motion for summary judgment and of the applicable

7

case law leads the court to believe that BAC's judicial estoppel argument likely has merit. The court need not decide that issue, however, because the court is satisfied that BAC is entitled to summary judgment on plaintiff's claims whether or not judicial estoppel applies.

The allegations of the amended petition are typical of many state court petitions brought before this court in which the plaintiff makes vague, general, and obviously legally baseless allegations in attempt to frustrate the procedures a mortgagee is pursuing, or has pursued, to regain possession of residential property used by plaintiff as security for a loan. Not surprisingly, when put to the test by BAC's motion for summary judgment to adduce evidence creating genuine disputes of fact in support of his claims, plaintiff has failed to do so. There is no evidence in the record that would enable a rational factfinder to conclude that BAC is liable to plaintiff under any of the theories of liability alleged in the amended petition. Summary judgment on plaintiff's claims is, therefore, appropriate.

B. BAC's Counterclaim

BAC is also entitled to summary judgment on its counterclaim.

The summary judgment record establishes essentially the facts alleged by BAC in support of its counterclaim. In March

2009 plaintiff filed with the Tarrant County Clerk, Tarrant County, Texas, a document titled "Full Reconveyance." The Full Reconveyance is signed by someone purporting to be an authorized reconveyance agent for Ryland Mortgage Company, the original grantee of the deed of trust on the property, and represents that "the obligation secured by [the deed of trust] has been SATISFIED," that the property is currently held in plaintiff's possession "without further obligation," and that the deed of trust "is FULLY RELEASED AS SATISFIED." Mot., App. at 37. Plaintiff testified in his deposition that he filed the Full Reconveyance at the behest of someone affiliated with an entity he discovered on the internet that told him it could help with his foreclosure situation. He stated that he filed the Full Reconveyance so that he would own the property free and clear, though he admitted that neither he, nor anyone else to his knowledge paid the balance due under the note.

BAC counterclaims to quiet title to the property. The purpose of a suit to quiet title is to clarify ownership of property by removing a cloud on title. See Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App.--Beaumont 2000, pet. denied) ("The principal issue in a suit to quiet title is . . . the existence of a cloud that equity will remove." (internal quotation marks omitted)). "Any deed, contract, judgment or other instrument not

void on its face that purports to convey an interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." Id.

To prevail in its attempt to quiet title, BAC must prove that it has right, title, or ownership of the property and that the Full Reconveyance is a cloud on title that equity demands be removed. See Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App.-- Houston [1st Dist.] 2009, pet. denied). BAC has established ownership of the property by including in the record a copy of the substitute trustee's deed showing that its predecessor, Countrywide Home Loans Servicing, LP, purchased the property at the substitute trustee's sale on April 7, 2009. The Full Reconveyance is a cloud on BAC's title because it falsely purports to release the lien through which BAC obtained its title. Thus, BAC is entitled to a judgment declaring the Full Reconveyance null, void, and of no legal effect.

The record demonstrates that BAC is also entitled to judgment as a matter of law on its counterclaim for damages and attorney's fees under section 12.002 of the Texas Civil Practice and Remedies Code. Section 12.002 provides, in pertinent part, that:

(a) A person may not make, present, or use a document or other record with:

    (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

    (2) intent that the document or other record be given the same legal effect as a court record or document . . . evidencing a valid lien or claim against real or personal property or an interest in real of personal property; and

    (3) intent to cause another person to suffer:

        (A) physical injury

        (B) financial injury; or

        (C) mental anguish or emotional distress

Tex. Civ. Prac. & Rem. Code Ann. (West Supp. 2010). A person who violates section 12.002(a) is liable to the injured party for the greater of $10,000.00 or the actual damages caused by the violation, reasonable attorney's fees, and court costs. Id. § 12.002(b).

The undisputed summary judgment evidence establishes each of the elements of liability under the statute. First, plaintiff filed the Full Reconveyance knowing that the representations therein that the note and deed of trust had been satisfied were untrue. Second, plaintiff admitted that his intent in filing the Full Reconveyance was to give himself ownership of the property free and clear--in other words, he intended that the Full

Reconveyance be given the effect of a valid claim to the property. Finally, because the obvious and natural consequence of plaintiff's filing of what he knew to be a fraudulent claim to the property is financial injury to the true owner, the only possible conclusion is that plaintiff filed the Full Reconveyance with intent to financially injure BAC. Thus, BAC is entitled to damages and attorney's fees as provided by the statute.

VI.

Order

For the reasons discussed above,

The court ORDERS that BAC's motion for summary judgment be, and is hereby, granted.

The court further ORDERS that all claims and causes of action asserted in the above-captioned action by plaintiff against BAC be, and are hereby, dismissed with prejudice.

The court further ORDERS that BAC have and recover from plaintiff statutory damages in the amount of $10,000.00.[2]

The court further ORDERS and DECLARES that the document filed as instrument No. D209076333 with the Tarrant County Clerk, Tarrant County, Texas, by Mark A. Downs on March 20, 2009, titled "Full Reconveyance," purportedly signed by Alex Bortensen,

---

[2] If BAC wishes to pursue its claim for attorney's fees under section 12.002 of the Texas Civil Practice and Remedies Code, it may do so by filing a motion of the type contemplated by Rule 54(d)(2) of the Federal Rules of Civil Procedure.

Authorized Reconveyance Agent, Ryland Mortgage Company, and purportedly releasing deed of trust record No. D203266635, recorded on July 24, 2003, and re-recorded as No. D203342653 on September 16, 2003, be, and is hereby, null, void, and of no legal effect.

SIGNED April 26, 2011.

_____
JOHN McBRYDE
United States District Judge